IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-60480 |
| ANTONIO MUNOZ ASERRADERO, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| 3023 FM 347 N | § | |
| Rusk, Texas 75758 | § | |
| EIN: xx-xxx7822 | § | |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written response in opposition to the pleading, explaining the factual and/or legal basis for opposing the relief sought.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IN OPPOSITION TO THE MOTION IS TIMELY FILED AND SERVED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR RESPONSE TO THE MOTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Antonio Munoz Aserradero, LLC, and Antonio Munoz, Jr., Debtors-in-Possession. present this Motion to Approve Compromise and Settlement (the "Motion") pursuant to Fed. R. Bankr. P. 9019, seeking approval of a mediated settlement agreement compromising and settling the claims of Jerry Thomas against the respective bankruptcy estates, and would show to the Court as follows:

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§157

and 1334. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The relief requested is authorized pursuant to Fed. R. Bankr. P. 9019.

2. Antonio Munoz, Jr. commenced his case under Subchapter V of Chapter 11 of the United States Bankruptcy Code on August 6, 2025. Aserradero Antonio Munoz, LLC commenced its case under Subchapter V of Chapter 11 of the United States Bankruptcy Code on August 7, 2025. Prior to the filing of the cases, Jerry Thomas had received judgments against the Debtors herein from the District Court of Cherokee County, Texas in the total amount of $3,829,500.00. The Debtors appealed the judgments to the 12th Court of Appeals, but, subsequently, the appellate court affirmed the judgments against both Debtors in all things.

3. On May 26, 2026, the Debtors and Jerry Thomas conducted a full day of mediation concerning the claims of Jerry Thomas, with John E. ("Ric") Freeman serving as mediator. By the end of the day, the parties had reached an agreement compromising the claims of Jerry Thomas in accordance with the terms of the mediated settlement agreement attached hereto as Exhibit A (the "Agreement").

4. The principal terms of the Agreement are as follows:

A. The applications to employ Daniel Noteware as special counsel for Debtors to appeal the judgment of the 12th Court of Appeals to the Texas Supreme Court will be withdrawn, and neither Debtor will take any action in furtherance of an appeal of the judgments.

B. Debtor Antonio Munoz, Jr., within 30 days of the confirmation of this Plan, will list for sale through a licensed real estate broker the scheduled real property located

at 9660 U.S. Hwy. 79 W., Jacksonville, Texas 75766. Said Debtor will direct th broker to inform Jerry Thomas through his counsel of any written offers to purchase the property. Jerry Thomas has the right to reject any offer within 15 days of the receipt of said offer or offers. If Jerry Thomas accepts the offer or does not respond to the offer within 15 days, said Debtor will execute and close the sale. At closing, said Debtor will direct the closing and escrow agent to distribute any net proceeds of the sale to Jerry Thomas and his counsel as they may direct. If a sale of said property is not concluded within 60 months of the confirmation of the Plan, said Debtor will convey to Jerry Thomas by Special Warranty Deed all title and interest to said property. Said Debtor will make all required payments on any loan encumbering said property until it is sold and will pay all post-petition property taxes due on said property as they accrue.

C. Debtor Antonio Munoz, Jr. will convey to Jerry Thomas by Special Warranty Deed all title and interest in the scheduled real property located at 3134 FM 347 N., Jacksonville, Texas 75766. At any time prior to the confirmation of the Plan, Jerry Thomas, at his election, may direct said Debtor to retain this real property and list it for sale under the same terms as set forth in paragraph 4.08(B) above.

D. Debtor Antonio Munoz, Jr. will assign and convey all claims and rights of any form, whether legal, equitable, or contractual against A & R Pallets, LLC, and its owners, managers, affiliates, subsidiaries, or assignees, regardless of the origin of such claims. Said Debtor further agrees to cooperate in the prosecution of such claims by (1) testifying as requested by Jerry Thomas, and (2) providing all requested documents Jerry Thomas deems necessary in the prosecution and collection of the claims.

E. Beginning 30 days after the Confirmation Date, Debtor Antonio Munoz

Aserradero, LLC will pay 60 monthly installment payments to Jerry Thomas and his counsel in the amounts of $10,000.00 per month for the first 24 months and $12,500.00 per month for the following 36 months. These payments will comprise the Plan payments under the Amended Joint Plan of Reorganization.

F. In the event of an uncured default by either Debtor, Jerry Thomas may take all steps necessary to collect immediately all unpaid portions of the judgments he holds against the Debtors, including, but not limited to, the recording of an abstract of judgment.

5. Fed. R. Bankr. P. 9019(a) provides that "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise and settlement". Pursuant to 11 U.S.C. §1107(a), a debtor in possession, subject to certain limitations not applicable to these cases, has all of the rights and powers and shall perform all of the functions and duties of a trustee serving in a case under Chapter 11.

6. Although no specific standards for approval of a compromise and settlement are outlined in either the Bankruptcy Code or the Bankruptcy Rules, guidelines for reviewing compromises and settlements in the context of a bankruptcy proceeding were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968). The Supreme Court found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, factors to be considered include (a) the complexity and expense of the potential litigation, (b) the delay to the administrator of the estate associated with fully litigating the contested issues, (c) the probability of success in a complete resolution of the issues in dispute, and (d) the final

outcome and the best interest of creditors test. The Fifth Circuit has adopted these same criteria in *American Can Co. v. Herpel (In re Jackson Brewing Company)*, 624 F.2d 605, 607( 5th Cir. 1980). *See also, United States v. Aweco (In re Aweco, Inc.)*, 725 F.2d 293 (5th Cir. 1984) ( a court may approve a compromise or settlement only when it is "fair and equitable".)

7. As verified by the declaration of Michael E. Gazette attached to this Motion as Exhibit B, it is the business judgment of the Debtors that the settlement set forth above meets the criteria of approval under applicable Fifth Circuit precedent and Fed. R. Bankr. P. 9019. First, the settlement of the Jerry Thomas claims will alleviate further litigation costs inherent in the preparation and filing of a petition for review to the Texas Supreme Court. Second, it will alleviate delays in the administration of the Debtors' Joint Plan of Reorganization that would be occasioned by the uncertainly of the failure to deal with the very large claims of Jerry Thomas against the Debtors. Third, Debtors consider that the likelihood of achieving a complete reversal in the Texas Supreme Court of the judgments rendered by the District Court of Cherokee County, Texas and affirmed by the 12th Court of Appeals is small. The proposed settlement provided certainty for the Debtors, Jerry Thomas, and the rest of the creditors of the Debtors. For those reasons, the Debtors believe the proposed settlement is fair, equitable, and in the best interests of the creditors and the bankruptcy estates of the Debtors. Therefore, the Debtors request that the Court approve the mediated settlement agreement as set forth in Exhibit A.

WHEREFORE, Antonio Munoz Aserradero, LLC and Antonio Munoz, Jr., Debtors herein, request that upon notice to all parties required under Fed R. Bankr. P.

9019, the Court approve the settlement as outlined herein in all respects and authorize the Debtors to take all reasonable and necessary actions that are necessary to effectuate the settlement.

Respectfully submitted,

LAW OFFICES OF MICHAEL E. GAZETTE

By: /s/ Michael E. Gazette
Michael E. Gazette
State Bar No. 07784500

100 East Ferguson Street, Suite 1000
Tyler, Texas 75702
Telephone: (903)596-9911
Telecopier: (903)596-9922
Email: megazette@suddenlinkmail.com

Attorney for Antonio Munoz Aserradero, LLC

LAW OFFICE OF GORDON MOSLEY

By: /s/ Gordon Mosley
Gordon Mosley
State Bar No. 00791311

4411 Old Bullard Road
Tyler, Texas 75703
Telephone: (903)534-5396
Email: gmosley@suddenlinkmail.com

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion to Approve Compromise and Settlement filed by Antonio Munoz Aserradero, LLC and Antonio Munoz, Jr., has been served by electronic service or U.S. Mail, postage prepaid, on August 6, 2026, to all parties on the attached matrix.

/s/ Michael E. Gazette
MICHAEL E. GAZETTE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 25-60480** |
| | § | |
| **Antonio Munoz Aserrandero, LLC.** | § | |
| | § | |
| **Debtor** | § | **Chapter 11** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 25-60479** |
| | § | |
| **Antonio Munoz, Jr.** | § | |
| | § | |
| **Debtor** | § | **Chapter 11** |

**MEDIATED SETTLEMENT AGREEMENT**

1. Parties:

The parties to this Agreement are:

(a) ANTONIO MUNOZ ASERRANDERO, LLC., and ANTONIO MUNOZ, JR. Debtor.

(b) JERRY THOMAS, Creditor

They are sometimes called "each party" and collectively, they are called "the Parties".

2. Scope of Agreement:

The parties agree to settle all claims and controversies between them, asserted or assertable, in this case.

3. **THIS AGREEMENT IS NOT SUBJECT TO REVOCATION:**

**THIS AGREEMENT SHALL BE BINDING ON THE PARTIES AND SHALL NOT BE SUBJECT TO REVOCATION. THE PARTIES SHALL BE ENTITLED TO A JUDGMENT ON THE MEDIATED SETTLEMENT AGREEMENT**



**EXHIBIT A**

**NOTWITHSTANDING RULE 11, TEXAS RULES OF CIVIL PROCEDURE OR ANY OTHER RULE OF LAW.**

**EACH PARTY SPECIFICALLY STIPULATES AND AGREES THAT THEY HAVE ENTERED INTO THIS AGREEMENT FREELY AND VOLUNTARILY. THIS AGREEMENT IS NOT SUBJECT TO REVOCATION AND IS ENFORCEABLE AS A CONTRACT.**

4. Performance:

This agreement is made and performable in Smith County, Texas, and shall be construed in accordance with the laws of the State of Texas and the United States Bankruptcy Code.

5. Agreement:

Each party stipulates and agrees that they have been cautioned to read this entire document word-for-word and to ask questions he or she may have about this agreement of his or her respective attorneys.

By signing this agreement, each party to it represents that he and she reviewed this written agreement with his/her counsel of record in this case before signing it, and is satisfied that it does contain the agreement made in mediation this date. Each party stipulates and agrees that they have been cautioned to read this entire document carefully, word-for-word, and to ask their respective attorney any questions he or she may have about it. Each party stipulates and represents to the other and to their attorneys that:

(a) each is signing this agreement only after having read this entire document carefully, word-for-word;

(b) each has been afforded an opportunity to ask any questions he or she may have about this agreement of his or her lawyer outside the presence of the mediator and the other party, and each is completely satisfied with the legal representation he and she have received today;

(c) each party, in signing this agreement, is acting voluntarily and not under any duress or compulsion by the mediator, the attorneys or any other person and each party is physically, mentally and emotionally able to understand the terms of this agreement and execute this agreement and is of sound mind and is able to give knowing and voluntary assent to it, and that they are without mental illness that would preclude the ability to understand and assent to the agreement;

(d) neither party has been promised anything that is not contained in this agreement, in order to induce or encourage either party to assent to it;

(e) that each party has been advised by the mediator that the mediator is not the attorney for any party and that each party should have the agreement approved by that party's attorney before executing the agreement;

(f) each party acknowledges that the mediator has not given the party legal advice nor has the mediator encouraged or forced the party to enter into or execute this agreement;

(g) this stipulation and agreement is signed voluntarily and with the advice and consent of counsel on the date set out below, and its provisions are intended to be incorporated into a final judgment; and

(h) ***each party has been advised NOT to sign this agreement unless each has read it fully, understands it completely, and is willing to be bound by all of its terms, provisions and conditions.***

Ric Freeman, acting as mediator in this case, provided the parties with a basic outline of the agreement reached between the parties in their mediation session. However, each party and that party's counsel thoroughly reviewed that outline before signing it and each party either made revisions to cause this written Agreement to conform to the mediated agreement which the parties reached or was given the opportunity to make such revisions and declined to do so. All those persons signing this Agreement release Ric Freeman from any responsibility or liability with regard to the drafting of the basis outlines of the agreement of the parties.

The parties acknowledge and agree that the mediator is not a necessary or proper party in judicial proceedings relating to the mediation. Neither the mediator nor any law firm employing the mediator shall be liable to any party for any act or omission in connection with the mediation.

This stipulation is signed voluntarily and with the advice and consent of counsel on the date set out below and subject to the court's approval, and its provisions are intended to be incorporated into a Final Order and agreed Chapter 11 plan of reorganization in the above-referenced cause numbers.

The parties agree that the mediator is not required to maintain any documents or files more than 120 days after the later of the following dates: (1) The entry of a final order resulting from this mediation; or (2) The date of the final mediation session if no agreement is reached.

6. Attorney's Fees and Costs:

Each party shall bear their own attorney's fees and costs.

7. Other Terms of Settlement:

This outlines treatment of Jerry Thomas's claims in the jointly administered bankruptcies. The claims arise from a judgement against Antonio Munoz Asseradero LLC (the "LLC Judgment) and a judgment against Antonio Munoz, individually (the "Munoz Judgment") collectively "the Judgments."

- Daniel Noteware will withdraw his applications to employ and neither debtor will take any action in furtherance of an appeal of the judgments.
- The parties will agree to a bankruptcy Plan in the jointly administered bankruptcy on the following terms. All actions to occur within 30 days of the confirmation of the Plan.
  - Munoz will list for sale through a licensed broker the scheduled property located at 9660 US HWY 79 W., Jacksonville, Texas 75766. Munoz will direct the broker to inform Thomas through counsel of any written offers to purchase the property. Thomas retains the right to reject any offer within 15 days of receipt of the offer. If Thomas accepts the offer or does not respond within 15 days, Munoz is directed to execute the sale. At closing, Munoz will direct any net proceeds of the sale to be distributed by the escrow agent to Thomas and his counsel. If a sale is not concluded within 60 months of the confirmation of the Plan, Munoz will transfer to Thomas by Special Warranty Deed all title and interest in that property. Munoz will continue to make all required payments on any loan encumbering the property until it is sold.
  - Munoz will transfer to Thomas by Special Warranty Deed all title and interest in the scheduled property located at 3134 FM 347 N., Jacksonville, Texas 75766. Thomas may, at his election at any time before the confirmation of the Plan, direct Munoz to retain this property and list it for sale according to the same procedure as 9660 US HWY 79 W.
  - Munoz will assign and convey all claims and rights of any form whether legal, equitable, or contractual against A & R Pallets LLC, and its owners, managers, affiliates, subsidiaries, or assignees. This covers all claims from whatever origin. Munoz further agrees to cooperate in the prosecution of these claims by (1) testifying as requested by Thomas, and (2) providing all requested documents Thomas deems necessary in the prosecution and collection of the claims.
  - The Plan will call for 60 monthly installment payments to Jerry Thomas and his counsel. The payments will be $10,000 per month for the first 24 months and $12,500 per month for the following 36 months. These payments will comprise the Plan payments in the jointly administered bankruptcy proceeding and failure to make any such payment following notice and opportunity to cure of ten days shall be a default under the Plan.
- This agreement and the resulting Plan are subject to approval by and confirmation by the bankruptcy court.
- The parties agree that in the event of an uncured default by either debtor, Thomas may take all steps necessary to immediately collect all unpaid portions of the Judgments from either debtor including but not limited to recording an abstract of Judgment.
- Additional terms and conditions necessary for the Plan are to be negotiated by counsel to effect the purposes and substance of this agreement.
- Parties counsel to negotiation terms of default and cure. Any conflicts are subject to the arbitration provision herein.
- Within ten days of execution of this agreement, Munoz will deliver to Patrick Yarborough any written lease agreement for the rental property and contact information for the tenant.

8. <u>Final Documents</u>:

The parties agree that a final order and Final Order and agreed Chapter 11 plan of reorganization in this case will need to contain more extensive language than is contained in this agreement and agree that such language shall be inserted where applicable, where clarity is needed, to make provisions enforceable, and for full indemnification from the other party for debts and financial obligations. The parties further stipulate that there may need to be interpretation of this document and an extension of the language in this document, and that all the language to be used in the order(s) may not be contained in this mediated settlement agreement. The parties agree and stipulate that, in the event of a dispute between the parties, the arbitrator shall have the exclusive authority to add any and all language he deems appropriate or necessary for clarification, enforceability, indemnity, and/or to effectuate the intent and agreement with the parties, without reservation.

Attorney for Debtor will prepare the final judgment and dismissal of all pending actions. Said attorney shall prepare the proposed decree within fourteen (14) days after the date this agreement is signed and promptly transmit it to opposing counsel, who will respond with any requested changes or revisions within fourteen (14) days after receipt. **Failure by an attorney to timely prepare the judgment, documents or respond with changes or revisions, may be considered in a request by a party for post-mediation attorney's fees.**

All closing documents shall be prepared within fourteen (14) days after the date this agreement is signed and promptly transmitted to opposing counsel, who will respond with any requested changes or revisions within fourteen (14) days after receipt.

9. Disputes Regarding This Agreement:

If the dispute is not resolved by a subsequent phone conference, or if one party refuses to participate in a phone conference or fails to timely respond to a request to coordinate and schedule the subsequent phone conference within five (5) days of a request, then and in that event, the parties agree that they hereby appoint Ric Freeman , to arbitrate any disputes which may hereafter arise with regard to the interpretation of this agreement or the language or form of the decree and closing documents to be drawn and presented to the Court pursuant to this agreement, and attorney's fees incurred after mediation. In addition, the parties agree that the arbitrator shall have the exclusive power to require a party or parties to execute documents to effectuate the terms of this agreement and the judgment, and further to establish deadlines, including dates for the execution of documents, delivery of property or other deadlines deemed by the arbitrator necessary to effectuate the terms of this agreement and the judgment. The parties further agree that the arbitrator shall have the exclusive power to add language as herein provided.

**It is the express intention of the parties and their attorneys that any dispute which may hereafter arise with regard to the interpretation of this agreement, language or form of the decree to be drawn and presented to the Court pursuant to this agreement, and attorney's fees incurred after mediation, shall be submitted to binding arbitration by Ric Freeman. The parties further stipulate that the arbitrator shall**

**have the exclusive authority to add provisions requiring a party or parties to execute documents, establish deadlines, including dates for the execution of documents, delivery of property or other deadlines necessary to effectuate the terms of the agreement, and that said provisions and deadlines shall be binding on the parties. The parties stipulate and agree that the arbitrator shall have the exclusive authority to add any and all language for clarification, enforceability, indemnification and/or to effectuate the intent and agreement of the parties, without reservation, and the language inserted by the arbitrator shall be binding on the parties. The parties agree that the arbitrator shall make the decision as to whether or not the arbitration can be performed by telephone, written submission or by personal appearance, dependent upon the issues to be presented. The parties further agree that in the event the parties cannot agree on a date for the arbitration which is within a reasonable amount of time from the date of the request for arbitration, then the arbitrator shall have the sole right to set the arbitration. THE PARTIES AGREE THAT THE ARBITRATOR'S DECISION SHALL BE BINDING AND NOT SUBJECT TO APPEAL.** The arbitrator may compel any party to this agreement to produce any non-privileged document or thing within that party's possession or subject to that party's control, if the arbitrator deems production necessary to the conduct of his office. The arbitration award will be in writing and will apportion the cost of the arbitration between the parties and may tax the costs entirely to one side or the other. Either party may request a hearing before the arbitrator, which said hearing will be conducted according to rules to be promulgated by the arbitrator, who shall have the power to compel attendance of witnesses and documents and things by subpoena. The arbitrator is not required to make a record of the arbitration. However, if a party desires to have a record made of the proceedings then that party is required to provide a certified court reporter, at his or her sole expense, and is further required to provide a copy of the record to every other party and the arbitrator, again at the recording party's sole expense. The arbitrator's written ruling shall be issued within a reasonable time after the conclusion of the arbitration. **Either party may request arbitration hereunder by written request to the arbitrator, copied to every other party.** Each such request shall briefly state the background and facts of the dispute, what relief is being sought, what has been done to attempt an amicable resolution, and why arbitration is deemed necessary. Any other party may respond to that request, in writing, within a reasonable time thereafter, but **the arbitrator's decision whether or not to arbitrate will be final.** No issue will be arbitrated unless it shall have first been raised in a written request for arbitration.

**The parties hereby further waive any and all formalities of arbitration and waive any complaint that the mediator shall serve as a subsequent arbitrator in this cause. The parties agree that they shall pay the mediator/arbitrator for the subsequent mediation and/or arbitration at the rate of $500.00 per hour to be apportioned by the arbitrator. Each party agrees to timely remit the retainer requested by the arbitrator prior to the arbitration. Each party understands that their failure to remit the retainer will waive their participation in the arbitration. The arbitrator may, in his discretion allocate the amount payable for arbitration costs due to a fault finding of either party.**

10. Signed on May 26, 2026.

Signatures of parties and their attorneys:

ANTONIO MUNOZ, JR. Individually and as authorized representative of ASERRADERO, LLC/., Debtor

JERRY THOMAS
Creditor

MICHAEL GAZETTE,
Attorney for Debtor

GORDON MOSLEY,
Attorney for Debtor

LARRY LEVICK.
Attorney for Creditor

CJ BAKER.
Attorney for Creditor

MEDIATOR:

Ric Freeman
621 Chase Drive
Tyler, Texas 75701
(903)595-2070 Phone
(903)595-1970 Fax

Label Matrix for local noticing
0540-6
Case 25-60480
Eastern District of Texas
Tyler
Thu Aug 6 13:59:50 CDT 2026

Antonio Munoz Aserradero, LLC
3023 FM 347 N
Rusk, TX 75785-4302

Asher Matiah Bublick
DOJ-Ust
1100 Commerce St.
Ste. 976
Dallas, TX 75242-1011

Attorney General
Child Support Division
PO Box 12548
Austin, TX 78711-2548

Attorney General of Texas
Child Support Division
PO Box 659791
San Antonio, TX 78265-9791

Austin Bank
1700 South Jackson Street
Jacksonvilee TX 75766-5831

Austin Bank
PO Box 951
Jacksonville, TX 75766-0951

Austin Bank (20)
1700 South Jackson Street
Jacksonville, TX 75766-5831

Austin Bank Texas, N.A.
c/o Glen Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

Austin Wilson (20)
20831 US Hwy 69
Tyler, Texas 75703-8859

Bill Henderson (20)
5571 ACR 312
Frankston, Texas 75763

Bobo Timber (20)
P.O. Box 115
Douglass, Texas 75943-0115

Bradley S. Campbell
228 West Broad
Mineola, TX 75773-2006

Cherokee C.A.D.
Linebarger Goggan Blair & Sampson
2777 N. Stemmons Freeway, Ste. 1000
Dallas, TX 75207-2328

Cherokee Central Appraisal District
McCreary Veselka Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

Cherokee Central Appraisal District
P O Box 494
Rusk, Texas 75785-0494

Cherokee County Tax Assessor-Collector
135 South Main Courthouse
Rusk, Texas 75785

Citi Card/Best Buy
PO Box 790040
St. Louis, MO 63179-0040

Collins Land & Timber, LLC (20)
11755 US 259
Nacogdoches, Texas 75965-8215

Comenity Bank/Buckle
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218-2125

Comenity Bank/Burlington CC
Bankruptcy Department
Columbus, OH 43218-2125

Concentric Saw & Tool
8815 Gauge Drive
College Station, Texas 77845-4143

Dillards/cbna
PO Box 6497
Sioux Falls, SD 57117-6497

Elliott Electric Supply
2202 E. Rusk Street
Jacksonville, Texas 75766-5541

Ellis Timber Company (20)
537 CR 771
Nacogdoches, Texas 75964-2414

Ferrellgas
One Liberty Plaza MD 40
Liberty, MO 64068-2971

Foster Yarbrough PLLC
917 Franklin St. 220
Houston, TX 77002-1741

Michael E. Gazette
100 East Ferguson Street
Ste. 1000
Tyler, TX 75702-5706

Jacob M Gold
Gold Law Firm
1201 Serenade Circle
Plano, TX 75075-7465

Gordon Mosley
Law Offices of Gordon Mosley
4411 Old Bullard Rd
Ste. 602
Tyler, TX 75703-1215

Hot Shot (20)
2501 Weir Street
Dallas, Texas 75212-4628

Hubert Glass Oil Company
36036 US Hwy 69 N
Jacksonville, TX 75766-0267

Internal Revenue Service
P O Box 7346
Philadelphia PA 19101-7346

J & M Lumber (20)
1363 CR 3210
Jacksonville, Texas 75766-0635

James and Eleanor Wilson (20)
277 CR 3320A
Jacksonville, Texas 75766-6753

James and Eleanor Wilson (20)
Campbell Law Firm, P.C.
228 W. Broad Street
Mineola, TX 75773-2006

Jerry Thomas
c/o Patrick Yarborough
440 Louisiana Street
Houston, TX 77002-1639

Jerry Thomas
c/o Patrick Yarborough
917 Franklin St., Suite 200
Houston, TX 77002-1751

Jerry Thomas (20)
c/o C.J. Baker
2800 North Loop West, Suite 900
Houston, Texas 77092-8825

Charles E. Lauffer Jr.
Ritcheson, Lauffer & Vincent, P.C.
Two American Center
821 ESE Loop 323, Suite 530
Tyler, TX 75701-9779

Larry A. Levick
Singer & Levick, P.C.
16200 Addison Rd.
Suite 140
Addison, TX 75001-5377

Mazo Capital, LLC
300 Spectrum Center Drive #1070
Irvine, CA 92618-4992

Roberto Munoz
c/o Charles E. Lauffer, Jr.
821 ESE Loop 323
Suite 530
Tyler, TX 75701-9779

Noteware Law Firm, P.C.
100 E. Ferguson, Suite 1206
Tyler, TX 75702-5744

Noteware Law Firm, P.C. (20)
100 E Ferguson Street Suite 1206
Tyler, Texas 75702-5744

OSHA (20)
200 Constitution Avenue, N.W.
Washington, DC 20210-0001

Julie Anne Parsons
McCreary Veselka Bragg & Allen PC
PO Box 1269
Round Rock, TX 78680-1269

Glen E. Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

Pesina Law Firm, PLLC
c/o Nicanor (Nick) Pesina, Jr.
100 E. Ferguson Street, Suite 1206
Tyler, Texas 75702-5744

Pesina Law Firm, PLLC (20)
100 E Ferguson Street Suite 1206
Tyler, Texas 75702-5744

Rollin Dyess
10720 US Hwy 84 W
Rusk, Texas 75785-4410

Rusty's Weigh Scales & Services, Inc.
3505 Westway Street
Tyler, Texas 75703-6461

Samantha Pitcock (20)
604 Bryan Street
Jacksonville, Texas 75766-3004

Sapphire Lumber Company (20)
548 Tammany Lane
Hamilton, Montana 59840-9235

Erin Marie Schmidt
DOJ-Ust
1100 Commerce
Suite 976
Dallas, TX 75242-1011

Frances A. Smith (SBRA V)
Offit Kurman
700 N. Pearl Street
Ste 1610
Dallas, TX 75201-7459

Sahrish Khan Soleja
Texas Office of Attorney General
12221 Merit Drive
Ste 650
Dallas, TX 75251-2352

Southern Carlson (20)
13154 State Hwy 155 Suite B
Tyler, Texas 75703-6549

State Comptroller of Public Accounts
Attn: Bankruptcy Dept.
PO Box 12548
Austin, TX 78711-2548

Stephen Marable (20)
12570 Honeysuckle Circle
Eustace, Texas 75124

Sturrock Logging (20)
P.O. Box 950
Alto, Texas 75925-0950

Synchrony Bank
AIS InfoSource LP
4515 N. Santa Fe Ave,
Oklahoma City, OK 73118-7901

Synchrony Bank/Lowes
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

Texas Commission Environmental Qualiry (20)
P.O. Box 13087
Austin, Texas 78711-3087

Texas Commission on Environmental Quality
c/o Attorney General's Office
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548

(p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
ATTN BANKRUPTCY PROGRAM
P O BOX 13087
MC 132
AUSTIN TX 78711-3087

Texas Workforce Commission
PO Box 149352
Austin, TX 78714-9352

The County of Cherokee, Texas
McCreary Veselka Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

U.S. DEPARTMENT OF LABOR-OSHA
1100 EAST CAMPBELL ROAD
RICHARDSON, TX 75081-6708

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney General
Dept. of Justice Main Bldg.
950 Pennsylvania Ave. NW
Washington, DC 20530-0009

United States Attorney's Office
Eastern District of Texas
110 N. College Ave, Ste 700
Tyler, Texas 75702-0204

United States Trustee
Office of the U.S. Trustee
110 N. College Ave, Suite 300
Tyler, Texas 75702-7231

Woodville Hardwoods (20)
4937 US Hwy 69 S
Woodville, Texas 75979-6273

Patrick Yarborough
Foster Yarborough Killingsworth PLLC
440 Louisiana Street
Suite 1800
Houston, TX 77002-1064

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Texas Commission on Environmental Quality
Bankruptcy Program MC 132
PO BOX 13087
Austin, TX 78711-3087

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Austin Bank Texas, N.A.
c/o Glen Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

(d)Cherokee Central Appraisal District
McCreary, Veselka, Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

(u)Antonio Holman

(d)Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(d)Frances A. Smith (SBRA V)
Offit Kurman
700 N. Pearl Street
Ste 1610
Dallas, TX 75201-7459

(d)The County of Cherokee, Texas
McCreary, Veselka, Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

(u)Jerry Thomas

(u)Elenor Wilson

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 75 |
| Bypassed recipients | 8 |
| Total | 83 |