IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-60480 |
| ANTONIO MUNOZ ASERRADERO, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| 3023 FM 347 N | § | |
| Rusk, Texas 75758 | § | |
| EIN: xx-xxx7822 | § | |

**AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY ANTONIO ANTONIO MUNOZ ASERRADERO, LLC AND ANTONIO MUNOZ, JR.**

Antonio Munoz Aserradero, LLC and Antonio Munoz, Jr. ("Debtors"), file and propose this their Amended Joint Plan of Reorganization ("Plan").

## ARTICLE I

## DEFINITION OF TERMS

A term used in this Plan that is not defined below but is used in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code. The following terms, when used in this Plan, shall have the meanings specified below unless the context otherwise requires:

**1.01 Administration Creditor:** Any Creditor entitled to payment of an Administration Expense.

**1.02 Administration Expense:** Any Claim constituting a cost or expense of administration of the bankruptcy proceeding allowed under section 503(b) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the estate of Debtor, any actual and necessary costs and expenses of operating the business of Debtor, any indebtedness or obligations incurred

or assumed by the Debtor in connection with the conduct of Debtor's business or for the acquisition or lease of property or the rendition of services, any allowances of compensation and reimbursement of expenses to the extent allowed by Final Order under section 330 of the Bankruptcy Code, whether arising before or after the Confirmation Date, and any fees or charges assessed against the estate of Debtor under section 1930, chapter 123, title 28, United States Code.

**1.03 Allowed Claim:** A Claim or any portion thereof (a) that has been allowed by a Final Order, or (b) as to which no proof of claim has been timely filed with the Bankruptcy Court and the liquidated and non-contingent amount of which is included in the Schedules, other than a Claim scheduled at zero, in an unknown amount, or as disputed, and to which Debtor has not filed an objection within the time fixed by the Plan, or (c) as to which a proof of claim in a liquidated amount has been timely filed with the Bankruptcy Court and either no objection to its allowance has been filed within the time fixed by the Plan or any objection to its allowance has been settled or withdrawn, or has been denied by a Final Order, or (d) that is expressly allowed in a liquidated amount in this Plan.

**1.04 Ballot Deadline:** The date by which the ballot that accompanies this Plan must be received by counsel for the Debtor.

**1.05 Bankruptcy Code:** The Bankruptcy Reform Act of 1978 as amended, and as codified in title 11, United States Code, as applicable to the bankruptcy proceeding and as in effect as of the date hereof.

**1.06 Bankruptcy Court:** The United States Bankruptcy Court for the Eastern District of Texas, Tyler Division, having jurisdiction over the bankruptcy case, or in the

event such Court ceases to exercise jurisdiction over the bankruptcy case, such court or adjunct thereof that exercises jurisdiction over the bankruptcy case in place of the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division.

**1.07 Bar Date:** The date set by the Bankruptcy Court by which proofs of claim must have been filed by creditors whose claims were designated as disputed, contingent, or unliquidated in order to have their claims treated under the Plan.

**1.08 Claim:** Any right to payment from Debtor set forth in a timely-filed proof of claim, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown, including any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**1.09 Confirmation Date:** The date upon which the Confirmation Order is entered by the clerk of the Bankruptcy Court.

**1.10 Confirmation Order:** An order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.11 Consummation Date:** The first business day that is 14 days from and after the Confirmation Date, or in the event a stay of the Confirmation Order is in effect on such date, the first business day from and after the date such stay expires, is vacated, reversed, or as soon thereafter as is practicable. This is the effective date of the Plan.

**1.12 Creditor:** Any entity holding a Claim against Debtor that arose or is deemed

to have arisen on or before the Petition Date, including without limitation, a Claim against the estate of Debtor of a kind specified in sections 502(g), 502(h) or 502(I) of the Bankruptcy Code.

**1.13 Debtors:** Antonio Munoz Aserradero, LLC and Antonio Munoz, Jr.

**1.14 Final Order:** An order of the Bankruptcy Court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and substance satisfactory to the Debtor or, in the event that an appeal, writ of certiorari, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing shall have expired.

**1.15 Petition Dates:** August 6, 2025 and August 7, 2025.

**1.16 Plan:** The Joint Plan of Reorganization Proposed by Antonio Munoz Aserradero, LLC and Antonio Munoz, Jr., either in its present form or as it may be amended, supplemented or otherwise modified from time to time, and exhibits and schedules to the foregoing as the same may be in effect at the time such reference becomes operative.

**1.17 Proof of Claim:** An instrument prepared and filed with the Bankruptcy Court in accordance with Rule 3003(c)(3) of the Bankruptcy Rules.

**1.18 Schedules:** The Schedules of Assets and Liabilities, Statements of Financial Affairs and Statements of Executory Contracts filed by the Debtors with the Bankruptcy Court as amended or supplemented on or before the Confirmation Date, listing the liabilities and assets of Debtor.

## ARTICLE II

## PROVISIONS FOR PAYMENT OF ALLOWED ADMINISTRATION EXPENSES

**2.01 Ordinary Course Administration Expenses.** Other than as provided below, Allowed Administration Expenses representing liabilities incurred in the ordinary course of business by the Debtor will be paid by the Debtor in accordance with the terms and conditions of the particular transactions and any agreements relating thereto.

**2.02 Post-Petition Taxes.** Post-petition taxes incurred prior to the Confirmation Date which are due and payable prior to the Confirmation Date, to the extent such have not been paid, will be paid in full, together with any interest and penalty, in cash, upon the Consummation Date.

**2.03 Compensation of Professionals.** The Debtor shall pay unpaid Administration Expenses of the type specified in Section 503(b)(2)-(4) of the Bankruptcy Code incurred prior to the Confirmation Date after the entry of a Final Order by the Bankruptcy Court allowing such expenses.

**2.04 Subchapter V Trustee Fees.** All fees required to be paid to the Subchapter V Trustee(s) appointed in this case will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any fees owed on or before the Effective Date of the Plan will be paid on the Effective Date or as soon thereafter as the

fees are approved by the Bankruptcy Court.

## ARTICLE III

## CLASSIFICATION OF CLAIMS

All Claims except Allowed Claims treated under Article II of this Plan are placed in the classes hereinafter set forth. A claim or interest is classified in a particular class only to the extent that the Claim or interest qualifies within the description of the class and is classified in a different class to the extent that the Claim or interest qualifies within the description of that class. A Proof of Claim which asserts a Claim which is properly includable in more than one class is in the class asserted only to the extent it qualifies within the description of such class and is in a different class to the extent it qualifies within a description of such different class.

**3.01 The Plan classifies the Claims as follows:**

| | | |
|---|---|---|
| A. | Class 1: | Austin Bank Allowed Secured Claim |
| B. | Class 2: | James & Eleanor Wilson Allowed Secured Claim |
| C. | Class 3: | Cherokee County Allowed Secured Claim |
| D. | Class 4: | Cherokee County CAD Allowed Secured Claim |
| E. | Class 5: | Mazo Capital, LLC Allowed Secured Claim |
| F. | Class 6: | Priority Unsecured Claims |
| G. | Class 7: | Allowed General Unsecured Claims |
| H. | Class 8: | Agreed Unsecured Claim of Jerry Thomas |
| I. | Class 9: | Interests |

## ARTICLE IV

## PROVISIONS FOR TREATMENT OF CLAIMS

The classes of Claims against Debtor's estate shall be treated as provided herein.

**4.01 Class 1 Austin Bank Allowed Secured Claim.**

The claim of Austin Bank consists of one promissory note, which is secured by a perfected security interest in the accounts receivable of Debtor Antonio Munoz Aserradero, LLC. The claim is in the amount of $126,095.43. The claim of Austin Bank shall be deemed to be fully-secured and the interest shall accrue on such claims post-confirmation at the rate of 9.00 % per annum. Austin Bank shall retain its pre-petition lien and the terms and conditions of its security agreement shall remain in force and effect, except with respect to any changes as provided by the Plan. The claim of Austin Bank will be paid post-confirmation in monthly payments of $2,617.53 commencing 30 days from the Confirmation Date reflecting the amounts of the note described above bearing interest at 9.00% per annum amortized over the term of 5 years. This claim is impaired.

**4.02 Class 2 James & Eleanor Wilson Allowed Secured Claim.**

The claim of James and Eleanor Wilson consists of one promissory note, which is secured by a deed of trust on real property owned by Debtor Antonio Munoz, Jr. The claim is in the amount of $105,000.00. The claim of James and Eleanor Wilson shall be deemed to be fully secured and interest shall accrue on such claim post-confirmation at the rate of 18.00% per annum. James and Eleanor Wilson shall retain their pre-petition lien and the terms and provisions of the deed of trust shall remain in force and effect except with respect to any changes provided by the Plan. The claim of James and Eleanor Wilson will be paid post-confirmation in monthly payments of $2,666.31 commencing 30 days from the

Confirmation Date reflecting the amounts of the note described above bearing interest at 9.00% per annum amortized over the term of 5 years. This claim is impaired.

**4.03 Class 3 Cherokee County Allowed Secured Claim.**

The claim of Cherokee County is secured by a tax lien on real estate as identified in Debtors' Schedules for which they are responsible to pay the taxes, as well as Debtor's machinery, and equipment. This claim shall be deemed to be fully-secured and the interest shall accrue 1% per month and at the rate of 12% per annum pursuant to 11 U.S.C. §§506(b), 511, and 1129. Cherokee County shall retain its pre-petition lien, which is prior to all other liens. Cherokee County has asserted claims in the total amount of $16,702.34, which is allowed as filed, will be paid in monthly payments of principal and interest in the amount of $439.84 commencing 30 days following the entry of the confirmation order so that this claim is paid in full by the fifth anniversary of the Petition Date. Upon the sale of any of the Debtor's property, the claim of Rusk County shall be paid in full at the closing of the sale transaction, including interest at the statutory rate of 1% per month from the Petition Date through the Effective Date and 12% per annum thereafter through the date of payment as required by 11 U.S.C. §§506(b), 511, and 1129. Cherokee County will not be required to file an administrative expense claim for 2026 ad valorem taxes and such taxes will be paid by the Debtor in the ordinary course of business on or before the non-bankruptcy statutory deadline. The Class 3 Claim is impaired.

**4.04 Class 4 Cherokee County CAD Allowed Secured Claim.**

The claim of Cherokee County CAD is secured by a tax lien on real estate as identified in Debtor's Schedules for which they are responsible to pay the taxes, as well as

Debtor's machinery, and equipment. This claim shall be deemed to be fully-secured and the interest shall accrue 1% per month and at the rate of 12% per annum pursuant to 11 U.S.C. §§506(b), 511, and 1129. Cherokee County CAD shall retain its pre-petition lien, which is prior to all other liens. Cherokee County has asserted claims in the total amount of $43,279.55, which is allowed as filed, will be paid in monthly payments of principal and interest in the amount of $1,139.72 commencing 30 days following the entry of the confirmation order so that this claim is paid in full by the fifth anniversary of the Petition Date. Upon the sale of any of the Debtor's property, the claim of Cherokee County shall be paid in full at the closing of the sale transaction, including interest at the statutory rate of 1% per month from the Petition Date through the Effective Date and 12% per annum thereafter through the date of payment as required by 11 U.S.C. §§506(b), 511, and 1129. Cherokee County will not be required to file an administrative expense claim for 2026 ad valorem taxes and such taxes will be paid by the Debtor in the ordinary course of business on or before the non-bankruptcy statutory deadline. The Class 4 Claim is impaired.

**4.05 Class 5 Mazo Capital, LLC Allowed Secured Claim.**

The Class 5 claim of Mazo Capital, LLC consists of one promissory note secured by a perfected security interest in one 1999 John Deere 544H Wheel Loader. The balance of the note is in the amount of $18,153.93. The claim of Mazo Capital, LLC shall be deemed to be fully-secured and the interest shall accrue on such claims post-confirmation at the rate of 9.00 % per annum. Mazo Capital, LLC shall retain its pre-petition lien and the terms and conditions of its security agreement shall remain in force and effect except as changed by the terms of the Plan. The claim of Mazo Capital, LLC will be paid post-

confirmation in monthly payments of $376.85 commencing 30 days from the Confirmation Date reflecting the amounts of the note described above bearing interest at 9.00% per annum amortized over the term of 5 years. This claim is impaired.

**4.06 Class 6 Priority Claims.**

The Class 6 claims consist of a priority claim filed by the Internal Revenue Service in the case of Antonio Munoz, Jr. in the amount of $7,915.36 for unpaid income taxes, and a priority claim filed by the Texas Attorney General for unpaid child support in the amount $3,000.00. The priority claim of the Internal Revenue Service shall be amortized over a period of 5 years at the interest rate of 7.00% and shall be paid commencing 30 days from the Confirmation Date in monthly installments of $156.73. The priority claim of the Texas Attorney General shall be amortized over a period of 5 years at the interest rate of 6.00% and shall be paid commencing 30 days from the Confirmation Date in monthly installments of $58.00.

**4.07 Class 7 Allowed General Unsecured Claims.**

The Class 7 Allowed General Unsecured Claims consist of twenty-four claims which amount to $556,619.48. The Class 7 Allowed General Unsecured Claims will be paid in *pro rata* monthly installments beginning 30 days after the Confirmation Date in amounts sufficient to pay the claims in full over a period of 60 months. These claims are impaired.

**4.08 Class 8 Agreed Unsecured Claim of Jerry Thomas.**

The Class 8 Agreed Unsecured Claim of Jerry Thomas consists of the claims of Jerry Thomas against the Debtors by final judgments amounting to $3,829,500.00 which, pursuant to a mediated settlement agreement with the Debtors, have been reduced and

will be paid under the following terms:

A. The applications to employ Daniel Noteware as special counsel for Debtors to appeal the judgment of the 12th Court of Appeals to the Texas Supreme Court will be withdrawn, and neither Debtor will take any action in furtherance of an appeal of the judgments.

B. Debtor Antonio Munoz, Jr., within 30 days of the confirmation of this Plan, will list for sale through a licensed real estate broker the scheduled real property located at 9660 U.S. Hwy. 79 W., Jacksonville, Texas 75766. Said Debtor will direct th broker to inform Jerry Thomas through his counsel of any written offers to purchase the property. Jerry Thomas has the right to reject any offer within 15 days of the receipt of said offer or offers. If Jerry Thomas accepts the offer or does not respond to the offer within 15 days, said Debtor will execute and close the sale. At closing, said Debtor will direct the closing and escrow agent to distribute any net proceeds of the sale to Jerry Thomas and his counsel as they may direct. If a sale of said property is not concluded within 60 months of the confirmation of the Plan, said Debtor will convey to Jerry Thomas by Special Warranty Deed all title and interest to said property. Said Debtor will make all required payments on any loan encumbering said property until it is sold and will pay all post-petition property taxes due on said property as they accrue.

C. Debtor Antonio Munoz, Jr. will convey to Jerry Thomas by Special Warranty Deed all title and interest in the scheduled real property located at 3134 FM 347 N., Jacksonville, Texas 75766. At any time prior to the confirmation of the Plan, Jerry Thomas, at his election, may direct said Debtor to retain this real property and list it for sale

under the same terms as set forth in paragraph 4.08(B) above.

D. Debtor Antonio Munoz, Jr. will assign and convey all claims and rights of any form, whether legal, equitable, or contractual against A & R Pallets, LLC, and its owners, managers, affiliates, subsidiaries, or assignees, regardless of the origin of such claims. Said Debtor further agrees to cooperate in the prosecution of such claims by (1) testifying as requested by Jerry Thomas, and (2) providing all requested documents Jerry Thomas deems necessary in the prosecution and collection of the claims.

E. Beginning 30 days after the Confirmation Date, Debtor Antonio Munoz Aserradero, LLC will pay 60 monthly installment payments to Jerry Thomas and his counsel in the amounts of $10,000.00 per month for the first 24 months and $12,500.00 per month for the following 36 months. These payments will comprise the Plan payments under the Amended Joint Plan of Reorganization.

F. In the event of an uncured default by either Debtor, Jerry Thomas may take all steps necessary to collect immediately all unpaid portions of the judgments he holds against the Debtors, including, but not limited to, the recording of an abstract of judgment.

**4.09 Class 9 Interests.**

The holder of Interests in the Debtor will retain his Interest post-confirmation. In no event shall holders of Interests receive any distribution of profits or proceeds from the Debtors until all Administrative Expenses and the claims of the Classes described above have been paid in full.

## ARTICLE V

## HISTORY OF THE DEBTOR'S BUSINESS OPERATIONS

**5.01** On March 1, 2020, Antonio Munoz, Jr. formed Antonio Munoz Aserradero, LLC. The purpose of the company was to operate a sawmill and to manufacture wood pallets.

**5.02** The Debtors were sued jointly by Jerry Thomas for injuries he allegedly received while working at the sawmill. Thomas recovered from each of the Debtors a judgment in the amount of $1,914,750.00, for a total amount of $3,829,500.00. Although the parties conducted good-faith settlement negotiations, they ultimately could not settle. The Debtors perfected an appeal of the judgments rendered against them, but could not afford to post an adequate *supersedeas* bond pending a decision by the 12th Court of Appeals. In order to be able to continue to operate while the appeal was decided, the Debtors had to file petitions under Subchapter V of Chapter 11 of the Bankruptcy Code. Subsequently, the 12th Court of Appeals affirmed in all things the judgments against the Debtors.

## ARTICLE VI

## MEANS FOR IMPLEMENTATION OF PLAN

**6.01** Debtor will continue to operate its business and will continue to make payments as provided for in this Plan so long as it continues to operate.

**6.02** Debtor will keep its property insured as required by the security agreements with its various secured creditors and will maintain as well liability insurance to cover its business operations.

**6.03** Debtor will not encumber or allow the encumbrance of any of its property other than by liens presently in place. Debtor will pay all taxes which are assessed after the

Confirmation Date in the ordinary course of its business and no later than the final due date for such taxes.

**6.04** All or such portion of the net future earnings or other future income of the Debtor is submitted to the trustee appointed pursuant to 11 U.S.C. §1183 as is necessary for the execution of the Plan. In the event said trustee shall act as the disbursing agent under the Plan, the trustee will seek to be compensated for her services in that role in addition to compensation for her services pre-confirmation.

**6.05** Funds accumulated by Debtors during the pendency of the Case as shown by the monthly operating reports filed herein will be sufficient to pay all administrative expenses, including fees charged and which may be charged by the Subchapter V Trustee, as well as the payments provided for Class 6 Priority Unsecured Claims in the Plan. Debtor projects that revenues realized in months in which its revenues exceed its expenses and Plan payments will be retained and will be sufficient to continue payments in any months in which its revenues for a particular month do not exceed its expenses and Plan payments for those months and will allow for the maintenance of a balance of funds which will provide for the ability to pay 2026 property taxes.

**6.08** An analysis of the effect of the liquidation of Debtor's property under a Chapter 7 scenario on the claims of creditors in this case is attached as Exhibit 1 and incorporated herein. Debtors believe that they will be able to pay all Allowed Claims in full within 5 years.

## ARTICLE VII

## PROVISIONS GOVERNING DISTRIBUTIONS

**7.01 Delivery of Distributions - Non-consensual Plan.** In the event the Court confirms the Plan as a non-consensual plan, Debtor will submit net earnings and other income to the trustee each month for distribution to the holders of Allowed Claims as provided by the Plan.

**7.02 Delivery of Distributions - Consensual Plan.** In the event the Court confirms the Plan as a consensual plan, Debtor shall be responsible for making distributions provided for by the Plan. Whether the trustee or the Debtor is responsible for making distribution, distributions to holders of Allowed Claims shall be made at the addresses set forth on the Proofs of Claim filed by such holders or at the addresses subsequently provided by holders of Allowed Claims. If any Creditor's distribution is returned as undeliverable, further distributions to such Creditor shall be deposited into an uncollected distribution account until the Debtor or the trustee is notified of such Creditor's then current address, at which time all missed distributions shall be made to such Creditor without interest. Checks issued with respect to Allowed Claims shall be null and void if not cashed within 90 days of the date of issuance thereof, at which time the distribution shall be deposited into an uncollected distribution account. Requests for reissuance of any check shall be made directly to the party issuing the check by the holder of the Allowed Claim with respect to which such check was originally issued. All Claims for undeliverable distributions shall be made on or before the third anniversary of the date of issuance of the check. After such date, funds deposited in an uncollected distribution account shall revert to the Debtor, and the Claim of any holder with respect to such property shall be discharged and forever barred. Interest earned on funds deposited in an uncollected

distribution account shall be paid to the Debtor.

**7.03 Disputed Claims.** In light of the mediated settlement agreement with respect to the Claims of Jerry Thomas which have been described above, there are no longer any Disputed Claims.

**7.04 Claims with No Proof of Claim.** Any Claims which Debtor listed as disputed, contingent, or unliquidated and which have not been the subject of proofs of claim filed timely by the Bar Date shall receive nothing under this Plan. Any claims which were not scheduled by Debtor, but which received timely notice of the commencement of this case and did not file proofs of claim by the Bar Date shall receive nothing under this Plan.

## ARTICLE VIII

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**8.01 Assumed If Not Rejected.** Debtor Antonio Munoz Aserradero, LLC has a lease for the premises in which it conducts its business. If not assumed prior to confirmation, said Debtor assumes such existing lease upon the Confirmation Date. Debtors does not believe they are parties to any executory contracts, but to the extent they may be, Debtors assume such contracts upon the Confirmation Date.

## ARTICLE IX

## DISCHARGE

**9.01** Except as provided herein, upon the Consummation Date, Debtors shall be deemed discharged and released pursuant to section 1141(d) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before

the Consummation Date, and all debts of the kind specified in section 501(g), 502(h), or 502(I) of the Bankruptcy Code, whether or not a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; a Claim based upon such debt is allowed under section 502 of the Bankruptcy Code; or the holder of a Claim based upon such debt has accepted this Plan. The Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor in accordance with the Plan. However, in the event the Plan is confirmed under 11 U.S.C. §1191(b), any discharge shall be governed by the provisions of 11 U.S.C. §1192.

**9.02** On the Consummation Date, all property of the Debtors' bankruptcy estates, as defined in 11 U.S.C. § 541, shall vest in the Debtor in whose schedules the property appears, free and clear of all liens, claims and encumbrances, except as otherwise provided herein.

## ARTICLE X

## MISCELLANEOUS

**10.01 Avoidance and Recovery Actions.** From and after the Consummation Date, each Debtor is constituted as the representative of its estate to litigate any avoidance or recovery actions under sections 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, or any other causes of action, or rights to payments of Claims that belong to the Chapter 11 estate, that may be pending on the Consummation Date or instituted after the Consummation Date.

**10.02 Legal Actions.** The Debtors shall continue to pursue and prosecute any litigation pending on the Petition Date described in their Statements of Financial Affairs,

other than the litigation involving Jerry Thomas. In addition, Debtors shall pursue claims for damages it may allege it has against any third party as set forth in its Schedules or Statement of Financial Affairs, other than claims against A & R Pallets, LLC assigned to Jerry Thomas, and any claims for unpaid accounts receivable. Payment of legal fees and court costs incurred in connection with the pursuit of the legal actions described above will be able to be funded from income realized by the Debtors during the pendency of this case as shown in the monthly operating reports and from income realized by the Debtors going forward in excess of amounts necessary to make payments required under the Plan, including administrative expenses.

**10.03 Claims Objections.** The Debtors retain the right to object to any Proofs of Claim filed herein pursuant to applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. Debtors shall file any objections to Proofs of Claim no later than forty-five (45) days following the Confirmation Date. Payment of legal fees and court costs incurred in connection with the pursuit of claims objections will be able to be funded from income realized by the Debtors during the pendency of this case as shown in the monthly operating reports and from income realized by the Debtor going forward in excess of amounts necessary to make payments required under the Plan, including administrative expenses.

**10.04 Post-Confirmation Property Taxes.** As to post-petition property taxes becoming due and payable after the Confirmation Date, the county or other governmental unit with jurisdiction over such property retains all liens against the Debtor's property. Such taxes owed to such county or governmental unit are an expense incurred in the ordinary

course of business and such county or governmental unit is not required to file an administrative expense claim and request payments in order for such post-petition amounts to be allowed or to receive payment of those amounts. In the event of a default by Debtor in the payment of such amounts, such default shall be an event of default under the Plan, and such county or governmental unit is entitled to pursue its remedies afforded by Texas law without further order of the Bankruptcy Court and without following the procedures of Article XIII below as to such post-petition taxes.

## ARTICLE XI

## RETENTION OF JURISDICTION

**11.01 Retention of Jurisdiction.** The Bankruptcy Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

A. To determine any and all objections to the allowance of Claims or Equity Interests;

B. To determine any and all applications for allowance of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

C. To determine any applications pending on the Consummation Date for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which either Debtor is a party or with respect to which either Debtor may be liable, and to hear and determine, and if need be, to liquidate, any and all Claims arising therefrom;

D. To determine any and all applications, adversary proceedings, and contested or litigated matters that may be pending on the Consummation Date;

E. To determine any adversary proceedings alleging a cause of action under sections 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code;

F. To consider any modifications of this Plan, remedy any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

G. To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of this Plan or any person's obligations thereunder;

H. To consider and act on the compromise and settlement of any Claim against or causes of action by or against either Debtor's estate;

I. To issue such orders in aid of execution of this Plan to the extent authorized by section 1142 of the Bankruptcy Code; and

J. To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with this Plan or the Confirmation Order.

## ARTICLE XII

## MODIFICATION OF PLAN

**12.01** Modifications of the Plan may be proposed in writing by the Debtors at any time before confirmation, provided that this Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, with the exception of subsection (a)(8)

of section 1123.

**12.02** If the Plan has been confirmed under 11 U.S.C. §1191(a), this Plan may be modified at any time after confirmation and before its substantial consummation by the Debtor, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, with the exception of subsection (a)(8) of section 1123, and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1191(a) of the Bankruptcy Code, and the circumstances warrant such modification.

**12.03** If the Plan has been confirmed under 11 U.S.C. §1191(b), this Plan may be modified at any time within 3 years, provided that the Plan, as modified, meets the requirements of section 1191(b) of the Bankruptcy Code, and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1191(b) of the Bankruptcy Code, and the circumstances warrant such modification.

**12.04** If the Plan is confirmed under section 1191(a) of the Bankruptcy Code, a holder of a Claim which has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

## ARTICLE XIII

## EVENTS OF DEFAULT

In the event of a default under the provisions of the Plan (as opposed to a default under documentation executed in implementing the terms of the Plan, which documents shall provide independent bases for relief), any Creditor or party-in-interest desiring to assert such a default shall provide the Debtor with written notice of the alleged default.

The Debtor shall have twenty-one (21) days from the receipt of the written notice in which to cure the default. Such notice shall be delivered by regular USPS mail to the Debtors at the address appearing in the caption of the Plan as well as to Debtors' counsel, Michael E. Gazette, 100 E. Ferguson Street, Ste. 1000, Tyler, Texas 75702 and Gordon Mosley, 4411 Old Bullard Road, Tyler, Texas 75701, and via email to counsel at megazette@suddenlinkmail.com and gmosley@suddenlinkmail.com, and to Debtors at aserradero8@gmail.com and tonymunoz1983@gmail.com. If the default is not cured, any Creditor or party-in-interest who has given such notice may enforce its remedies granted to it under the laws of the State of Texas or under the document creating the claim owed by Debtor and/or its security agreements and may seek such relief as may be appropriate from the Bankruptcy Court. Notwithstanding the foregoing, Debtor's cure opportunities as to a specific Creditor shall be limited to two (2). Upon the occurrence of a third default as to a specific Creditor, such Creditor may exercise all remedies provided above without the requirement another notice and opportunity to cure.

Respectfully submitted,

Antonio Munoz Aserradero, LLC

By: /s/ Antonio Munoz, Jr.
Its Managing Member

/s/ Antonio Munoz, Jr.

LAW OFFICES OF MICHAEL E. GAZETTE

By: /s/ Michael E. Gazette
Michael E. Gazette
State Bar No. 07784500

100 East Ferguson Street, Suite 1000
Tyler, Texas 75702
Telephone: (903)596-9911
Telecopier: (903)596-9922
Email: megazette@suddenlinkmail.com

Attorney for Antonio Munoz Aserradero, LLC

LAW OFFICE OF GORDON MOSLEY

By: /s/ Gordon Mosley
Gordon Mosley
State Bar No. 00791311

4411 Old Bullard Road
Tyler, Texas 75703
Telephone: (903)534-5396
Email: gmosley@suddenlinkmail.com

Attorney for Antonio Munoz, Jr.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Amended Joint Plan of Reorganization Proposed by Antonio Munoz Aserradero, LLC and Antonio Munoz, Jr., has been served by electronic service or U.S. Mail, postage prepaid, on August 6, 2026, to all parties on the attached matrix.

/s/ Michael E. Gazette
MICHAEL E. GAZETTE

t:cases\etmm\Ch11_2023\reorgplan.etmm.1stamended

Label Matrix for local noticing
0540-6
Case 25-60480
Eastern District of Texas
Tyler
Thu Aug 6 13:59:50 CDT 2026

Antonio Munoz Aserradero, LLC
3023 FM 347 N
Rusk, TX 75785-4302

Asher Matiah Bublick
DOJ-Ust
1100 Commerce St.
Ste. 976
Dallas, TX 75242-1011

Attorney General
Child Support Division
PO Box 12548
Austin, TX 78711-2548

Attorney General of Texas
Child Support Division
PO Box 659791
San Antonio, TX 78265-9791

Austin Bank
1700 South Jackson Street
Jacksonvilee TX 75766-5831

Austin Bank
PO Box 951
Jacksonville, TX 75766-0951

Austin Bank (20)
1700 South Jackson Street
Jacksonville, TX 75766-5831

Austin Bank Texas, N.A.
c/o Glen Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

Austin Wilson (20)
20831 US Hwy 69
Tyler, Texas 75703-8859

Bill Henderson (20)
5571 ACR 312
Frankston, Texas 75763

Bobo Timber (20)
P.O. Box 115
Douglass, Texas 75943-0115

Bradley S. Campbell
228 West Broad
Mineola, TX 75773-2006

Cherokee C.A.D.
Linebarger Goggan Blair & Sampson
2777 N. Stemmons Freeway, Ste. 1000
Dallas, TX 75207-2328

Cherokee Central Appraisal District
McCreary Veselka Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

Cherokee Central Appraisal District
P O Box 494
Rusk, Texas 75785-0494

Cherokee County Tax Assessor-Collector
135 South Main Courthouse
Rusk, Texas 75785

Citi Card/Best Buy
PO Box 790040
St. Louis, MO 63179-0040

Collins Land & Timber, LLC (20)
11755 US 259
Nacogdoches, Texas 75965-8215

Comenity Bank/Buckle
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218-2125

Comenity Bank/Burlington CC
Bankruptcy Department
Columbus, OH 43218-2125

Concentric Saw & Tool
8815 Gauge Drive
College Station, Texas 77845-4143

Dillards/cbna
PO Box 6497
Sioux Falls, SD 57117-6497

Elliott Electric Supply
2202 E. Rusk Street
Jacksonville, Texas 75766-5541

Ellis Timber Company (20)
537 CR 771
Nacogdoches, Texas 75964-2414

Ferrellgas
One Liberty Plaza MD 40
Liberty, MO 64068-2971

Foster Yarbrough PLLC
917 Franklin St. 220
Houston, TX 77002-1741

Michael E. Gazette
100 East Ferguson Street
Ste. 1000
Tyler, TX 75702-5706

Jacob M Gold
Gold Law Firm
1201 Serenade Circle
Plano, TX 75075-7465

Gordon Mosley
Law Offices of Gordon Mosley
4411 Old Bullard Rd
Ste. 602
Tyler, TX 75703-1215

Hot Shot (20)
2501 Weir Street
Dallas, Texas 75212-4628

Hubert Glass Oil Company
36036 US Hwy 69 N
Jacksonville, TX 75766-0267

Internal Revenue Service
P O Box 7346
Philadelphia PA 19101-7346

J & M Lumber (20)
1363 CR 3210
Jacksonville, Texas 75766-0635

James and Eleanor Wilson (20)
277 CR 3320A
Jacksonville, Texas 75766-6753

James and Eleanor Wilson (20)
Campbell Law Firm, P.C.
228 W. Broad Street
Mineola, TX 75773-2006

Jerry Thomas
c/o Patrick Yarborough
440 Louisiana Street
Houston, TX 77002-1639

Jerry Thomas
c/o Patrick Yarborough
917 Franklin St., Suite 200
Houston, TX 77002-1751

Jerry Thomas (20)
c/o C.J. Baker
2800 North Loop West, Suite 900
Houston, Texas 77092-8825

Charles E. Lauffer Jr.
Ritcheson, Lauffer & Vincent, P.C.
Two American Center
821 ESE Loop 323, Suite 530
Tyler, TX 75701-9779

Larry A. Levick
Singer & Levick, P.C.
16200 Addison Rd.
Suite 140
Addison, TX 75001-5377

Mazo Capital, LLC
300 Spectrum Center Drive #1070
Irvine, CA 92618-4992

Roberto Munoz
c/o Charles E. Lauffer, Jr.
821 ESE Loop 323
Suite 530
Tyler, TX 75701-9779

Noteware Law Firm, P.C.
100 E. Ferguson, Suite 1206
Tyler, TX 75702-5744

Noteware Law Firm, P.C. (20)
100 E Ferguson Street Suite 1206
Tyler, Texas 75702-5744

OSHA (20)
200 Constitution Avenue, N.W.
Washington, DC 20210-0001

Julie Anne Parsons
McCreary Veselka Bragg & Allen PC
PO Box 1269
Round Rock, TX 78680-1269

Glen E. Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

Pesina Law Firm, PLLC
c/o Nicanor (Nick) Pesina, Jr.
100 E. Ferguson Street, Suite 1206
Tyler, Texas 75702-5744

Pesina Law Firm, PLLC (20)
100 E Ferguson Street Suite 1206
Tyler, Texas 75702-5744

Rollin Dyess
10720 US Hwy 84 W
Rusk, Texas 75785-4410

Rusty's Weigh Scales & Services, Inc.
3505 Westway Street
Tyler, Texas 75703-6461

Samantha Pitcock (20)
604 Bryan Street
Jacksonville, Texas 75766-3004

Sapphire Lumber Company (20)
548 Tammany Lane
Hamilton, Montana 59840-9235

Erin Marie Schmidt
DOJ-Ust
1100 Commerce
Suite 976
Dallas, TX 75242-1011

Frances A. Smith (SBRA V)
Offit Kurman
700 N. Pearl Street
Ste 1610
Dallas, TX 75201-7459

Sahrish Khan Soleja
Texas Office of Attorney General
12221 Merit Drive
Ste 650
Dallas, TX 75251-2352

Southern Carlson (20)
13154 State Hwy 155 Suite B
Tyler, Texas 75703-6549

State Comptroller of Public Accounts
Attn: Bankruptcy Dept.
PO Box 12548
Austin, TX 78711-2548

Stephen Marable (20)
12570 Honeysuckle Circle
Eustace, Texas 75124

Sturrock Logging (20)
P.O. Box 950
Alto, Texas 75925-0950

Synchrony Bank
AIS InfoSource LP
4515 N. Santa Fe Ave,
Oklahoma City, OK 73118-7901

Synchrony Bank/Lowes
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

Texas Commission Environmental Qualiry (20)
P.O. Box 13087
Austin, Texas 78711-3087

Texas Commission on Environmental Quality
c/o Attorney General's Office
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548

(p)TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
ATTN BANKRUPTCY PROGRAM
P O BOX 13087
MC 132
AUSTIN TX 78711-3087

Texas Workforce Commission
PO Box 149352
Austin, TX 78714-9352

The County of Cherokee, Texas
McCreary Veselka Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

U.S. DEPARTMENT OF LABOR-OSHA
1100 EAST CAMPBELL ROAD
RICHARDSON, TX 75081-6708

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney General
Dept. of Justice Main Bldg.
950 Pennsylvania Ave. NW
Washington, DC 20530-0009

United States Attorney's Office
Eastern District of Texas
110 N. College Ave, Ste 700
Tyler, Texas 75702-0204

United States Trustee
Office of the U.S. Trustee
110 N. College Ave, Suite 300
Tyler, Texas 75702-7231

Woodville Hardwoods (20)
4937 US Hwy 69 S
Woodville, Texas 75979-6273

Patrick Yarborough
Foster Yarborough Killingsworth PLLC
440 Louisiana Street
Suite 1800
Houston, TX 77002-1064

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Texas Commission on Environmental Quality
Bankruptcy Program MC 132
PO BOX 13087
Austin, TX 78711-3087

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Austin Bank Texas, N.A.
c/o Glen Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

(d)Cherokee Central Appraisal District
McCreary, Veselka, Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

(u)Antonio Holman

(d)Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(u)Jerry Thomas

(d)Frances A. Smith (SBRA V)
Offit Kurman
700 N. Pearl Street
Ste 1610
Dallas, TX 75201-7459

(u)Elenor Wilson

(d)The County of Cherokee, Texas
McCreary, Veselka, Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 75 |
| Bypassed recipients | 8 |
| Total | 83 |